COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP1040**

Cir. Ct. No. **2021CV757**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

KJS AMOCO INC.,

PLAINTIFF-APPELLANT,

K & D REALTY LLC,

PLAINTIFF,

V.

WISCONSIN DEPARTMENT OF TRANSPORTATION,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Kenosha County: FRANK M. GAGLIARDI, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM.　KJS Amoco, Inc. ("KJS") appeals from an order of the circuit court granting summary judgment in favor of the Wisconsin Department of Transportation ("DOT").　KJS argues that the DOT was not entitled to summary judgment because KJS met the requirements for business replacement benefits[1] under WIS. STAT. § 32.19(4m)(b) (2023-24) and WIS. ADMIN. CODE § Adm 92.90(1) (through Apr. 2026),[2] and the DOT is estopped from denying KJS's business replacement benefits on the basis that KJS did not meet the relevant statutory and regulatory deadlines.

¶2　We reject KJS's arguments and conclude that KJS is ineligible for business replacement benefits because it failed to rent or purchase a comparable replacement business within two years of vacating the condemned property, and KJS forfeited its estoppel claim.　Accordingly, we affirm.

## BACKGROUND

¶3　In August 2018, the DOT acquired by condemnation two parcels of commercial real estate owned by K & D Realty LLC ("K & D") for a highway improvement project in Kenosha.[3]　K & D was the owner of the properties and a landlord to KJS, a tenant on one of the parcels on which KJS operated a gas station, car wash, and convenience store.　On September 30, 2018, the DOT took possession of the property it acquired from K & D, and KJS vacated the premises.　Under the relevant statutes and administrative regulations, KJS had until September 30, 2020,

---

[1] Consistent with the parties and the relevant statutes and administrative regulations, we use the terms "business replacement benefits/payments" and "relocation benefits/payments" interchangeably.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.　All references to WIS. ADMIN. CODE § Adm are to the April 2026 register.

[3] K & D is not a party to this appeal.

2

to meet eligibility requirements for business replacement benefits and to file a claim for those benefits.

¶4      During 2018, 2019, and 2020, K & D worked with personnel from the DOT to identify and locate a replacement property on which KJS could operate a replacement business.  On August 12, 2020, KJS and K & D submitted a letter to the DOT requesting an extension of their deadline to file a claim for business replacement benefits pursuant to WIS. ADMIN. CODE § Adm 92.08(1).  In that letter, KJS and K & D represented that K & D was under contract to purchase a vacant lot which was anticipated to close on September 15, 2020, and KJS anticipated executing a contract with a construction company by the same date for the construction of a replacement building on the vacant lot (the "Replacement C-Store").  On September 9, 2020, the DOT granted KJS and K & D a "six-month extension for the two-year relocation claim period[.]"  Thus, the extended claim period ended on March 31, 2021.

¶5      However, neither transaction referenced in KJS's letter closed by the anticipated time.  Instead, multiple documents were executed on March 31, 2021: (1) K & D executed a land contract to purchase the vacant lot; (2) KJS executed a lease with K & D for the vacant lot; (3) KJS signed an agreement with a construction company for the construction of the Replacement C-Store; and (4) KJS filed a claim with the DOT for relocation benefits under WIS. STAT. § 32.19(4m).

¶6      The DOT denied KJS's claim, explaining that its "relocation program provides for the <u>reimbursement</u> of costs for eligible items under WIS. STAT. § 32.19."  The DOT contended that KJS's claim was "largely based on estimates for work that has not even started."  Quoting § 32.19(4m)(a), the DOT further explained that "[s]ince the relocation program provides reimbursements for a displacee who

'actually purchases' a comparable replacement premises, reimbursements are not provided before the work is completed, paid for by the displaced business, and inspected by WisDOT." The denial letter also stated that the proposed Replacement C-Store was much larger than the one that KJS vacated: "the KJS Amoco subject property was 1,580 square feet," while "[t]he proposed replacement premises are a dramatically upgraded new build of 4,400 square feet and nearly $11 million, which well-exceeds the 'comparable replacement business' [Business Replacement Payment] parameters stated in the law by any reasonable threshold."

¶7      KJS and K & D filed a lawsuit seeking business replacement benefits under WIS. STAT. § 32.19(4m)(b).[4]  Following the parties' cross-motions for summary judgment on KJS's claim for business replacement benefits, the court granted summary judgment to the DOT.

¶8      KJS appeals.

## DISCUSSION

¶9      On appeal, KJS challenges the circuit court's order granting summary judgment to the DOT.  "We review a grant of summary judgment independently, applying the same methodology as the circuit court."  ***Christus Lutheran Church of Appleton v. DOT***, 2021 WI 30, ¶18, 396 Wis. 2d 302, 956 N.W.2d 837 (citation omitted).  "Summary judgment shall be granted where the record demonstrates 'that

---

[4] K & D alleged that it expended over $150,000 related to acquiring and improving replacement properties, and it sought payment of $50,000 in relocation benefits. The circuit court ultimately dismissed K & D from the case pursuant to a stipulation, and following K & D's stipulated dismissal, only KJS's business replacement claim under WIS. STAT. § 32.19(4m)(b) remained.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting WIS. STAT. § 802.08(2)).

¶10 Our review requires us to interpret several statutes and administrative regulations. "We interpret an administrative regulation using the rules of statutory interpretation." *Piper v. Jones Dairy Farm*, 2020 WI 28, ¶13, 390 Wis. 2d 762, 940 N.W.2d 701. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* The interpretation of statutes and administrative regulations present questions of law that we review de novo. *Christus Lutheran Church*, 396 Wis. 2d 302, ¶19; *Piper*, 390 Wis. 2d 762, ¶13.

## I. The DOT is entitled to summary judgment because KJS did not meet the statutory and regulatory requirements for business replacement benefits.

¶11 KJS argues that it met the statutory and regulatory requirements for business replacement benefits. KJS asserts that the DOT's September 9, 2020 letter granted KJS an extension of time to satisfy the legal requirements to qualify for benefits, and it actually purchased a comparable replacement business during the extension period. KJS claims that it purchased the comparable replacement business as of the date that it executed a contract to construct the Replacement C-Store, and the DOT is estopped from arguing that KJS was required to purchase the replacement business by September 30, 2020.

¶12    The DOT responds that KJS was ineligible for business replacement benefits because KJS did not timely rent or purchase a comparable replacement business within two years after it vacated the acquired property.  The DOT maintains that it granted an extension to the period of time KJS had to file its claim for business replacement benefits, but it did not and could not extend the period of time KJS had to actually rent or purchase the replacement business.  The DOT also argues that KJS's damages had not "fully materialized" at the time it filed its claim for benefits as required by WIS. STAT. § 32.20, the proposed Replacement C-Store was not comparable to the original displaced business, and KJS forfeited its estoppel argument.

¶13    For the following reasons, we agree with the DOT and conclude that KJS is not entitled to business replacement benefits under WIS. STAT. § 32.19(4m)(b).

### A. KJS did not meet the statutory deadline to rent or purchase a comparable replacement business.

¶14    KJS argues that, in the DOT's September 9, 2020 letter to KJS and K & D, the DOT extended the two-year statutory deadline to rent or purchase a comparable replacement business from September 30, 2020 to March 31, 2021.  KJS claims that it met this extended deadline because K & D had purchased the vacant lot as of March 31, 2021, KJS was leasing the lot, and KJS executed a construction contract to build the Replacement C-Store.  The DOT argues that the September 9, 2020 letter did not extend the deadline to actually rent or purchase a comparable replacement business; it only extended the deadline to file a claim for business replacement benefits.  According to the DOT, KJS was still required to rent or purchase a replacement business by September 30, 2020, which is the date two years after KJS vacated the condemned property.

6

¶15　　We begin with the language of the relevant statutes and administrative rules. *Kalal*, 271 Wis. 2d 633, ¶45. WISCONSIN STAT. § 32.19(4m)(b) describes the requirements for the business replacement benefits being claimed by KJS. It provides, in relevant part:

> In addition to amounts otherwise authorized by this subchapter, the condemnor shall make a payment to any tenant displaced person[5] who has owned and occupied the business operation, or owned the farm operation, for not less than one year prior to initiation of negotiations for the acquisition of the real property on which the business or farm operation lies ... and who actually rents or purchases a comparable replacement business or farm operation for the displaced business or farm operation within 2 years after the date the person vacates the acquired property.

*Id.* WISCONSIN ADMIN. CODE § Adm 92.90(1) also addresses the eligibility requirements for business replacement benefits. Among other requirements that mirror § 32.19(4m)(b), § Adm 92.90(1)(c) states that an agency shall make a business replacement payment to a displaced business operation provided that "[t]he person purchases or rents a replacement business or farm operation within 2 years of the date the person vacates or receives final payment for the acquired property, whichever is later." The regulation further clarifies what qualifies as "purchasing" a replacement business. Under § Adm 92.90(1)(d)3., a replacement business is "purchased" when a person "[c]ontracts to, or constructs a building or structure for a new business or farm operation on a site owned or acquired."

¶16　　While WIS. STAT. § 32.19 and WIS. ADMIN CODE § Adm 92.90(1) describe the requirements to qualify for business replacement benefits, WIS. STAT.

---

[5] A "tenant displaced person" is defined by statute as "a displaced person who owned the business or farm operation conducted on the real property being acquired but leased or rented the real property." WIS. STAT. § 32.19(2)(i). There is no dispute that KJS is a "tenant displaced person" in this case.

§ 32.20 addresses when claims under § 32.19 must be filed. Section 32.20 requires that all claims under § 32.19 be filed "after the damages upon which they are based have fully materialized but not later than 2 years after the condemnor takes physical possession" of the acquired property. WISCONSIN ADMIN. CODE § Adm 92.08(1) also addresses the time for filing claims for business replacement payments. It states that displaced tenants "may file a claim for payment following a move, but not later than 2 years after" the date of displacement "unless extended by the agency for good cause[.]"

¶17    We first discuss whether KJS rented or purchased a comparable replacement business "within 2 years after the date" KJS vacated the property that the DOT acquired from K & D. It is undisputed that the DOT took physical possession of the property, and that KJS vacated the property, on September 30, 2018. This means that KJS had until September 30, 2020 to rent or purchase a comparable replacement business.

¶18    KJS argues that the DOT's September 9, 2020 letter "granted a written extension of the two-year period to purchase and lease a comparable replacement property[.]" The DOT argues that it only granted an extension for KJS to file its claim for business replacement benefits; it did not grant an extension to meet the eligibility requirements for receiving business replacement benefits. That is, according to the DOT, KJS was granted a six-month extension to file its claim, but it was still required to rent or purchase a comparable replacement business by September 30, 2020 (i.e., two years after KJS vacated the acquired property).

¶19    We agree with the DOT. Under WIS. STAT. § 32.19(4m)(b), business replacement benefits are "due only if [the displaced business] 'actually rents or purchases a comparable replacement business' property within the time limits set

8

out in the statute." ***City of Janesville v. CC Midwest, Inc.***, 2007 WI 93, ¶37, 302 Wis. 2d 599, 734 N.W.2d 428 (quoting § 32.19(4m)(b)). Under both § 32.19(4m)(b) and WIS. ADMIN. CODE § Adm 92.90(1)(c), the rental or purchase of the replacement business must occur within two years after the date of displacement, and there is no language in those provisions that allows the agency to extend the deadline. The only relevant provision that allows the agency to grant an extension is WIS. ADMIN. CODE § Adm 92.08(1), and that regulation addresses when claims need to be filed, not when eligibility requirements need to be met.

¶20 The relevant documents exchanged between the parties confirm that the DOT was extending only the claim filing period and not the underlying deadline to meet eligibility requirements. On August 12, 2020, when KJS requested "an extension for the deadline for claims" "pursuant to Wis. Adm. Code § ADM 92.08(1)," it explicitly told the DOT that it anticipated that K & D's purchase of the vacant lot would close on September 15, 2020 and that KJS intended to execute a construction contract for the Replacement C-Store on September 15, 2020. Thus, the DOT's September 9, 2020 letter repeatedly refers to an extension of the "relocation claim period," and at no time states or implies that it was granting an extension to the deadline to meet the eligibility requirements for relocation benefits, requirements that KJS anticipated meeting before the September 30, 2020 deadline.

¶21 Accordingly, we conclude that KJS is not entitled to business replacement benefits because it did not meet the statutory deadline to rent or purchase a comparable replacement business.

**B. The DOT is not estopped from arguing that KJS was required to rent or purchase a replacement business by September 30, 2020.**

¶22    Based on the DOT's September 9, 2020 letter, KJS argues that the DOT should be estopped from arguing that it was required to rent or purchase a replacement business by September 30, 2020.  The DOT responds that KJS forfeited this argument because it was raised for the first time in KJS's reply brief in support of its motion for partial summary judgment before the circuit court.  Even if KJS did not forfeit the argument, the DOT argues that estoppel does not apply.

¶23    We have recognized that an argument raised for the first time in a reply brief *before the circuit court* does not necessarily result in forfeiture of that argument on appeal.  ***MPI Wright LLC v. Goodin Co.***, 2025 WI App 18, ¶¶55-56, 415 Wis. 2d 590, 19 N.W.3d 582; ***Ruenger v. Soodsma***, 2005 WI App 79, ¶55, 281 Wis. 2d 228, 695 N.W.2d 840.  When a party contends that the opposing party forfeits an argument because of how the argument was raised in the circuit court, we sometimes remand the cause for the circuit court to address, *see **Ruenger***, 281 Wis. 2d 228, ¶55-56, but we need not do so here.

¶24    Our review of the record reveals that the circuit court considered and rejected KJS's estoppel argument, ultimately concluding that despite the September 9, 2020 letter's reference to a non-existent statute (i.e., "s. 32.30 Wis. Stats."), "there is an insufficient showing that other erroneous representations contaminated the plaintiff's understanding of its rights [.]"  On appeal, KJS does not rely on or reference the non-existent statute cited in the DOT's letter.  Instead, KJS continues to characterize the DOT's letter as having extended the deadline for KJS to meet the eligibility requirements for business replacement benefits.  We have already rejected the premise that the DOT's letter in fact extended the deadline for KJS to meet the eligibility requirements.  We further conclude that to the extent KJS

relied on the DOT's letter as having extended the deadline to meet eligibility requirements for business replacement benefits, such reliance was unreasonable, and for that reason, KJS's estoppel argument fails.

¶25 "There are four elements of equitable estoppel: (1) action or non-action; (2) on the part of one against whom estoppel is asserted; (3) which induces reasonable reliance thereon by the other, either in action or non-action; (4) which is to the relying party's detriment." *Parsons v. Associated Banc-Corp*, 2017 WI 37, ¶42, 374 Wis. 2d 513, 893 N.W.2d 212 (citation modified). We focus on the third element: whether the DOT's September 9, 2020 letter induced reasonable reliance by KJS that its deadline to meet eligibility requirements for business replacement benefits had been extended to March 31, 2021.

¶26 As we explained above, KJS's August 12, 2020 letter requesting an extension to file a claim for business replacement benefits refers only to WIS. ADMIN. CODE § Adm 92.08(1), a regulation that addresses only the deadline for filing claims for business replacement payments. KJS's letter does not reference any statute or administrative regulation setting the deadline for meeting eligibility requirements to qualify for business replacement benefits, and in fact, KJS represented that it was on track to meet the September 30, 2020 deadline to rent or purchase a replacement business.

¶27 The DOT's September 9, 2020 letter repeatedly refers to an extension of the "relocation claim period" and does not state or imply that it was granting an extension to the deadline to meet the eligibility requirements for relocation benefits. We agree with the DOT that any reliance KJS might have placed on the proposition that the DOT's September 9, 2020 letter extended its deadline to meet the eligibility requirements for business replacement payments was unreasonable based on the

undisputed facts in the record.  Therefore, we conclude that the DOT is not estopped from arguing that KJS was required to rent or purchase a replacement business by September 30, 2020.

## CONCLUSION

¶28    For the foregoing reasons, we conclude that KJS is not entitled to business replacement benefits, and the DOT is entitled to summary judgment.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.